UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ROJAS-REYES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN DOERER,<br><br>Respondent. | Case No. 1:21-cv-01064-HBK (HC)<br><br>OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING PETITION WITH PREJUDICE[1]<br><br>(Doc. No. 12) |

    Petitioner Rafael Rojas-Reyes, a federal prisoner in the custody of the Bureau of Prisons ("BOP"), has pending a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 on June 30, 2021. (Doc. No. 1, "Petition"). The Petition claims insufficient illicit drug evidence in connection with his disciplinary proceeding held at United States Penitentiary ("USP") Atwater. (*Id*. at 6).[2] In response, on November 29, 2021, Respondent filed a Motion to Dismiss with Appendix. (Doc. Nos. 12, 12-1). On December 27, 2021, Petitioner filed a Peply. (Doc. No. 14). For the reasons set forth more fully below, the Court grants Respondent's Motion to Dismiss and denies the Petition with prejudice.

    ////

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 13).

[2] The Court cites to the page number as it appears on the Court's Case Management/Electronic Case Files system.

**I.  BACKGROUND**

Petitioner is serving multiple terms of imprisonment following his conviction after a jury trial in the United States District Court for the Southern District of Indiana ("SDIN"). *See United States v. Rojas-Reyes et al.*, No. 1:16-cr-001230-TWP-MJD-1, Crim. Doc. Nos. 669, 798.[3] Petitioner was convicted on the following six counts: conspiracy to distribute 500 grams or more of methamphetamine and 5 kilos of cocaine (Count 1 – violation of 21 U.S.C. § 841(A)(1), 846), operating a continuing criminal enterprise (Count 3 – violation of 21 U.S.C. § 848(a) and (b)(1)), conspiracy to launder monetary instruments (Count 4 – violation of 18 U.S.C. § 1956(h)), distribution of 500 grams or more of methamphetamine (Count 5 – violation of 21 U.S.C. § 841(a)(1)), distribution of 50 grams or more of methamphetamine (Count 6 – violation of 21 U.S.C. § 841(a)(1)), and distribution of 50 grams or more of methamphetamine (Count 8 – violation of 21 U.S.C. 841(a)(1)).  (*Id.*).  Petitioner received four concurrent life sentences for Counts 1, 3, 5, and 8, in addition to concurrent sentences of 240 months in prison for Count 4 and 480 months in prison for Count 6.  (*Id.*).  The Seventh Circuit Court of Appeals affirmed Petitioner's convictions and sentences.  *See United States v. Castro-Aguirre,* 983 F.3d 927, 943 (7th Cir. 2020).

According to the record before the Court, a visual search of Petitioner's cell was conducted on July 23, 2020, during which correctional officers identified 12 large strips of cardstock and 25 smaller strips inside Petitioner's belt.  (Doc. No. 12-1 at 17).  Immediately following the discovery of the strips, the officer submitted them to three tests using a Narcotics Identification Kit ("NIK").  (*Id.*).  NIK test A, by color change, yielded a positive test result for the presence of Opium Alkaloids.  (*Id.*).  The subsequent NIK test U, again by color change, confirmed the positive illicit drug presence on the strips.  (*Id.*).  The final NIK test K indicated a positive result for heroin.  (*Id.*).

On August 3, 2020, Petitioner received a rewritten incident report ("IR")[4] for possession

---

[3] The undersigned cites to the record in Petitioner's underlying SDIN criminal case as "Crim. Doc. No. __.".

[4] The record includes an "advisement of incident report delays" to ensure the inmate's due process rights were not violated.  The advisement indicated the UDC hearing would not be conducted within 5 workdays

1    of illicit drugs in a BOP facility in violation of BOP Code 113.  (*Id*. at 4, Doc. No. 12-1 at 17-18).

2    After Petitioner was provided with the IR, the matter was referred to Petitioner's Unit Discipline

3    Committee ("UDC"), and the UDC upheld the charge and referred for a Discipline Hearing

4    Officer ("DHO") Report.  (Doc. No. 12-1 at 21, 33).  During this process, Petitioner was advised

5    of his rights and confirmed his receipt of the IR.  (Doc. No. 12-1 at 28-30).

6        On August 7, 2020, a disciplinary hearing was convened via teleconference.  (Doc. No.

7    12-1 at 32-34).  Petitioner appeared at the hearing, confirmed he received a copy of the IR,

8    elected not to call witnesses, elected not to have a staff representative present, and elected not to

9    submit any documentary evidence.  (*Id*.).  The hearing officer found Petitioner guilty of

10   possessing illicit drugs in a BOP facility based on the following evidence: the officer's written

11   report; the three NIK tests which confirmed the presence of heroin on the strips in petitioner's

12   possession; the NIK test flow chart confirming the reporting officer used the appropriate test

13   sequence; evidence photos; and Petitioner's election to forgo making a statement.  (*Id*.).

14   Petitioner was sanctioned to 45 days of disciplinary segregation (30 of which were suspended

15   with clear conduct), loss of commissary privileges for 180 days, loss of phone privileges for 210

16   says (180 of which were suspended with clear conduct), loss of visitation privileges for 365 days,

17   loss of MP3 player and radio privileges for 90 days, and property impounded for 30 days.  (*Id*. at

18   33-34).

19       Petitioner filed a prison appeal contending that the NIK test was invalidly conducted, and

20   the positive results were not confirmed by laboratory testing. (Doc. No. 12-1 at 15).  He requested

21   the IR be "expunged" and the sanctions withdrawn.  (*Id*.).  The Regional Director determined

22   Petitioner's allegations were meritless; specifically finding that inmates do not have a right to

23   outside forensic testing and that the record reflected the staff followed proper testing procedures.

24   (*Id*. at 14).  Petitioner attaches a BP-11 Central Office administrative remedy appeal; however,

25   Respondent filed a declaration attesting that BOP records do not reflect that this request was

26   submitted or received.  (*Id*. at 3-4, 11-12; Doc. No. 1 at 10).

27

28   of the reporting officer becoming aware of the incident because, in part, the DHO requested a rewrite of the incident report. (Doc. No. 1 at 14, 16).

Petitioner argues his due process rights were violated because the strips in his possession were not properly tested, resulting in an invalid, false positive result. (Doc. No. 1 at 6-7). As relief, Petitioner seeks the removal of the incident report from his record and restoration of his privileges. (*Id*. at 7). Respondent argues the Court lacks jurisdiction because no liberty interest is involved, Petitioner failed to exhaust all administrative remedies, and regardless, Plaintiff's insufficiency of the evidence argument is without merit because the disciplinary decision was supported by "some evidence" pursuant to *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985), including three separate positive NIK tests. (Doc. No. 12 at 1, 4-6).

## II.  APPLICABLE LAW

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4. The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

A challenge to the execution of a sentence by a federal prisoner, as opposed to the imposition of a sentence, is properly brought under 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (*per curiam*). When a petitioner challenges disciplinary findings, habeas corpus jurisdiction is available under § 2241 when a petitioner claims: (1) he lost good time credits[5] without due process of law; (2) he was subject to greater restrictions of liberty, such as disciplinary segregation, without due process of law; or (3)

---

[5] However, in dicta, the Supreme Court, stated the award of good time credit by the BOP under 18 U.S.C. § 3624(b) "does not affect the length of a court-imposed sentence; rather it is an administrative reward to provide an incentive for prisoners to 'compl[y] with institutional disciplinary regulations." *Pepper v. United States*, 562 U.S. 476, 502, n. 14 (2011) (internal quotations and citations omitted).

4

expungement of a disciplinary finding from his record is likely to accelerate his eligibility for parole. *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989), overruled on other grounds by *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016); see also *Fiorito v. Entzel*, 829 F. App'x 192, 193 (9th Cir. 2020) (jurisdiction exists under § 2241 where the petitioner claims he has been "subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process of law").

Additionally, "[a] case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." *U.S. v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Thus, to maintain a viable claim, a petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *Id.* If there is no longer a possibility that a party seeking relief can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction. *See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999).

## III. ANALYSIS

Petitioner asserts a due process violation on the basis that the disciplinary decision was not supported by sufficient evidence. (Doc. No. 1 at 5). In addition to the expungement of the disciplinary action, he seeks restoration of "lost privileges." (*Id.* at 7). Liberally construed, Petitioner seeks restorations of various privileges identified above that were imposed after the disciplinary hearing held on August 12, 2020.

Notably, the record reveals that Petitioner is serving multiple life sentences and is therefore not eligible to earn good time credits, and indeed no loss of good time credit were included in the sanctions imposed by the disciplinary hearing officer. (Doc. No. 12 at 5; Doc. No. 12-1 at 7-9, 33-34). Admittedly, certain restrictions to liberty, including disciplinary segregation trigger § 2241 habeas jurisdiction. But here, the Court need not analyze, whether any of the restrictions, other than disciplinary segregation, which were imposed affected Petitioner's liberty to trigger habeas jurisdiction because all the imposed restrictions have since expired. In other words, because Petitioner has long-since completed each of the sanctions, including the disciplinary segregation, any claim based upon the loss of his privileges is moot. Thus, habeas

5

relief is not available to Petitioner.  *See Watson v. Milusnic*, 2020 WL 6647739, at *2 (C.D. Cal. Sept. 28, 2020) (finding habeas relief would not be available based on a claim that petitioner lost good time credits because he did not lose any good time credits, nor would it be available based on subjection to disciplinary segregation because he already completed his disciplinary segregation); *Jeburk v. Milusnic*, 2019 WL 5089202, at *2 (C.D. Cal. July 12, 2019) ("Petitioner's punishment [of disciplinary segregation] has been completed and habeas relief is unavailable."); *see also Saunders v. Gutierrez*, 2011 WL 5933292, at *2 (C.D. Cal. Oct. 17, 2011) (finding claims not cognizable under § 2241 because disciplinary sanctions consisted only of temporary placement in disciplinary segregation and temporary loss of commissary and telephone privileges, and Petitioner is not eligible to earn good conduct time because he has been sentenced to life imprisonment, "[t]hus, even if the disciplinary findings were expunged, Petitioner's term of imprisonment would remain unchanged" and "clearly do not implicate the fact or duration of his confinement.").

Based on the foregoing, the Petition is subject to dismissal.

Accordingly, it is **ORDERED**:

1. Respondent's Motion to Dismiss (Doc. No. 12) is GRANTED.

2. The Petition (Doc. No. 1) is dismissed with prejudice.

3. The Clerk of Court shall enter judgment and close this case.

Dated:   September 10, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE